**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PAUL LESLIE ALIFF, III, #1076135,** | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0075-M |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Institutional Division,** | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case:  This is a petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  At the time of filing this action, Petitioner was incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). He was recently released on parole and is presently residing in Mesquite Texas. Respondent is the Director of TDCJ-CID.

Statement of the Case:  Following his plea of guilty, a jury found Petitioner guilty of manslaughter by use of a deadly weapon in the 283rd Judicial District Court of Dallas County,

Texas, in Cause No. F95-01382-MT. Punishment was assessed at six years imprisonment and a $10,000 fine. Petitioner filed a timely notice of appeal and was released on an appeal bond on August 9, 1995, pending appeal. The Fifth Court of Appeals affirmed the judgment of conviction in an unpublished opinion and Petitioner did not file a petition for discretionary review. Aliff v. State, No. 05-95-01338-CR (Tex. App. Dallas, Apr. 15, 1998, no pet.). Although a mandate was issued on June 15, 1998, and a copy was received by the district clerk within three days of its issuance, Ex parte Aliff, No. 57,115-01 at 137, a capias was not issued until November 2, 2001, and it was not executed until November 10, 2001. Id. at 128. On December 13, 2001, more than three years after the affirmance of his conviction, Petitioner returned to the trial court for resentencing. Id. at 138. TDCJ thereafter calculated his sentence begin date as May 30, 2001, and his discharge date as May 30, 2007. (Respondent's Answer at Exh. A).

Petitioner filed three time credit disputes with TDCJ-CID on September 10, November 6, and December 11, 2002. (Id.). TDCJ denied each of the disputes on January 14, April 3, and May 6, 2003, respectively.

On May 9, 2003, Petitioner filed a state application for a writ of habeas corpus pursuant to article 11.07, Texas Code of Criminal Procedure. Ex parte Aliff, No. 57,115-01, at 2. The Texas Court of Criminal Appeals dismissed the application on December 17, 2003, for failing to comply with Tex. Gov't Code § 501.0081. Id. at cover.[1] On March 23, 2004, Petitioner filed a second state application, which was denied without written order on August 25, 2004. Ex parte

---

[1] Although Petitioner had complied with the requirements of § 501.0081, he represented to the state court that he had not. Ex parte Aliff, No. 57,115-01, at 5.

Aliff, No. 57,115-02, at 2 and cover.

In his federal petition, filed on January 12, 2005, Petitioner alleges the State of Texas violated his Fifth and Fourteenth Amendment rights when it inordinately delayed for more than three years between the final disposition of his direct appeal and the time he was ordered to surrender to TDCJ custody.[2]

Following this court's order to show cause, Respondent filed an answer seeking the dismissal of the petition as time barred. Alternatively Respondent requested the dismissal of the petition as unexhausted and procedurally barred, or the denial of the petition on the merits. Petitioner has filed a reply to Respondent's answer.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts

---

[2] For purposes of this recommendation, the petition is deemed filed on January 7, 2005, the date Petitioner signed it and presumably placed it in the prison mail. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

3

supporting the claim became known or could have become known through the exercise of due diligence.  See id. § 2244(d)(1)(A)-(D).

Subparagraph (A) is inapplicable to this case, where the petition relates solely to matters that occurred after the judgment of conviction became final.  Nor does Petitioner base his petition on any new constitutional right under subparagraph (C).  While he alleges a state-created impediment under subparagraph (B) that prevented him from filing his federal petition while at the Choice Moore Unit like the petitioner in Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003), the court finds his claims unpersuasive.  (Petitioner's Reply at 4).  Unlike Egerton, Petitioner litigated his TDCJ time-credit disputes while incarcerated at the Choice Moore Unit.  Moreover, he submitted his first art. 11.07 application within two and one-half months of being transferred from the Choice Moore Unit on March 10, 2003.  (Reply at 3).  The state court record confirms the first art. 11.07 application was filed by a writ writer, thus providing further support that Petitioner's situation was unlike the one in Egerton.  See Ex parte Aliff, No. 57,115-01, at 10-11 and 24 (reflecting the art. 11.07 application was prepared by Thomas H. Baranowski, #378384).  Accordingly, the court will calculate the one-year statute of limitations from the date the facts supporting the claims raised in the petition became known or could have become known.  See 28 U.S.C. § 2244(d)(1)(D).

Petitioner first learned of the time calculation at issue in this action on December 13, 2001, when he was re-sentenced by the trial court.  Ex parte Aliff, No. 57,115-01 at 138.  See Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002) (one-year period began to run from date of habeas petitioner's prison disciplinary hearing that deprived him of good-time credit, as factual predicate of claim contesting denial of that credit was discoverable with reasonable

4

diligence as of that date). The one-year statute of limitations began to run the next day on December 14, 2001. As of September 10, 2002, the date on which Petitioner filed his first time-credit dispute, 270 days of the one-year limitation period had elapsed. The three time-credit disputes remained pending until May 6, 2003, during which time the court presumes the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). See Kimbrell, 311 F.3d at 363-64 (timely pendency of prison grievance procedures tolled one-year period for bringing habeas petition over loss of good-time credits); Tweedy v. Dretke, 2003 WL 22724659, *3, No. 4:03cv0520-A (N.D. Tex. 2003) (tolling during pendency of TDCJ-CID's time credit dispute resolution process) (citing Kimbrell, 311 F.3d at 363-64). The one-year period ran for an additional two days from May 7 through May 9, when Petitioner filed his first art. 11.07 application. This state application remained pending until December 17, 2003, during which time the limitation period was tolled. The one year-period expired 83 days later on March 10, 2004 – 303 days before Petitioner filed the federal petition in this case on January 7, 2005. Therefore, the federal petition is clearly time barred unless the limitation period is tolled on equitable grounds.[3]

Petitioner is not entitled to equitable tolling. His pleadings do not present "rare and exceptional circumstances" warranting equitable tolling, Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), and that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). To the extent Petitioner relies on his *pro se* status, his claim is

---

[3] Although Petitioner filed a second state application on May 23, 2004, Ex parte Aliff, No. 57,115-02 at 2, it did not toll the limitation period. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas petition did not toll one-year period where it was filed after the one-year limitation period had expired). The same would be true even if the second application were filed on March 23, 2004, as Petitioner alleges. (Petitioner's Reply at 3b).

meritless. "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, Petitioner's own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), rehg. granted in part by 223 F.3d 797 (5th Cir. 2000).

During the first year of incarceration, Petitioner alleges he was transferred to various TDCJ-CID Units, his property was lost, and he was placed in protective custody. He further alleges that he repeatedly experienced delay in receiving his trial court record and docket. The court cannot conclude on the basis of the above allegations that Petitioner was prevented from asserting his rights. All prisoners are subject to transfers to other prisons, to losses in personal and legal property, and to restrictions in obtaining copies of state court pleadings. The record reflects that Petitioner not only delayed the filing of his time credit disputes and second art. 11.07 application, but he also waited for more than four months from the denial of his second application until the filing of this federal petition. These delays – of Petitioner's own making – do not constitute a rare and extraordinary circumstance required for equitable tolling. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

In light of the above, the court must conclude that Petitioner does not qualify for equitable tolling.

RECOMMENDATION:

For the foregoing reasons the magistrate judge recommends that the habeas corpus petition be dismissed as barred by the one-year limitation period. 28 U.S.C. § 2244(d).

It is further recommended that Petitioner's motions to produce, to request admission, and to dismiss (Docket #4,6, 9 and 14) be denied as moot.

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 8th day of August, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.